IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN HAMMOND<br>6641 Wisteria Circle<br>Dublin, OH 43016, | : | Case No. _____ |
| | : | JUDGE SMITH |
| Plaintiff, | : | |
| v. | : | Judge _____ |
| ROBERT HALF INTERNATIONAL, INC.<br>MEDICAL PLAN | : | MAGISTRATE JUDGE KEMP |
| c/o Benefits Operations<br>5720 Stoneridge Drive, Suite Three | : | Magistrate Judge _____ |
| Pleasanton, CA 94588 | : | |
| And | : | |
| ROBERT HALF INTERNATIONAL, INC.<br>c/o Benefits Operations<br>5720 Stoneridge Drive, Suite Three<br>Pleasanton, CA 94558 | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

For his complaint against Defendants Robert Half International, Inc. and the Robert Half International, Inc. Medical Plan, Plaintiff Benjamin Hammond states as follows:

### Parties

1.    Plaintiff Benjamin Hammond is a former employee of Robert Half International, Inc. and by virtue of his employment was a participant in the Robert Half International, Inc. Medical Plan.

2.      The Robert Half International, Inc. Medical Plan (the "Medical Plan") is an employee welfare benefit plan subject to the terms of the Employee Retirement Income Security Act ("ERISA").

3.      Defendant Robert Half International, Inc. is the administrator of the Medical Plan.

### Jurisdiction and Venue

4.      The Plaintiff's claims arise under ERISA.  Jurisdiction is predicated upon 29 U.S.C. §1132.

5.      The benefit plan at issue is administered, in part, in Franklin County, Ohio. Venue, therefore, is proper in the Eastern Division of the Southern District of Ohio.

### Facts

6.      Hammond was employed by Robert Half International, Inc. and was a participant in the Medical Plan, which was established and is maintained by Robert Half International, Inc. for the purpose of providing coverage for medical expenses.

7.      Robert Half International, Inc. is an employer subject to the health care continuation provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §1161, *et seq.*

8.      Hammond left employment on October 26, 2006.

9.      On November 3, 2006, Hammond asked Kelly Hyslop of Robert Half International, Inc. about his COBRA coverage.

10.     Kyle Muskoff of Robert Half International, Inc. responded on Hyslop's behalf and informed Hammond that a COBRA packet would be mailed to Plaintiff's home.

11.     Muskoff also provided Plaintiff with a telephone number to call in the event he did not receive his COBRA packet within 45 days.

12.    On November 11, 2006, Hammond experienced medical difficulties requiring extensive evaluation at Riverside Methodist Hospital n Columbus, Ohio.

13.    The medical bills associated with this event are approximately $13,000.00 and they remain unpaid.

14.    On December 18, 2006, Hammond, still having not received a COBRA packet, called the number he had been provided.

15.    Hammond received no response to his telephone call, nor to phone calls he placed to the same number on January 3, 2007, January 12, 2007 and January 16, 2007.

16.    On January 19, 2007, Hammond's call was answered by someone identified as "Anita," who advised him to call a different number.

17.    Hammond called the new number and spoke to someone identified as "Deanna," who told Hammond it was too late to elect COBRA.

18.    On February 18, 2008, Hammond, through counsel, wrote to Robert Half and to Benesyst Continuation Services, Robert Half's designated agent for the handling of COBRA matters, and requested copies of all documents, records and other information relevant to Hammond's COBRA issue.

19.    Neither Robert Half nor Benesyst responded to Hammond's letters.

20.    On May 5, 2008, Hammond, again through counsel, repeated his requests to Robert Half and to Benesyst.

21.    Subsequent to these May 5 letters, a representative of Robert Half contacted Hammond's attorney by telephone and promised to provide the information requested.

22.    The requested information, however, has never been provided.

23.    To date, Hammond has never received a COBRA notice.

24.     To date, Hammond's medical bills have not been paid.

## Count I – For Statutory Penalties - COBRA

25.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

26.     Hammond brings this action under 29 U.S.C. §1132(c) and seeks statutory penalties.

27.     Robert Half is the duly designated administrator of the Medical Plan.

28.     Robert Half has the legal obligation under COBRA to provide Hammond with certain COBRA notices and with the opportunity to elect continuation coverage.

29.     Robert Half failed to provide Hammond with the required COBRA notice and failed to provide him with an opportunity to continue his health coverage.

30.     Robert Half is liable to Hammond for statutory penalties in the amount of $110 per day for its failure to provide the required COBRA notice.

## Count II – For Benefits

31.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

32.     Hammond brings this claim under 29 U.S.C. §1132(a)(1)(B) and seeks benefits.

33.     Hammond is entitled to COBRA coverage as a matter of law and under the terms of the Plan.

34.     Hammond seeks an order from the Court requiring Robert Half to afford Hammond the opportunity to elect COBRA coverage, retroactive to the time his employment terminated and continuing until the time he became covered under another health plan.

35.     Hammond further seeks an order from the Court directing the Medical Plan to pay Hammond's medical bills during the time his COBRA coverage should have been in effect.

### Count III – Equitable Estoppel

36.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

37.     Hammond brings this claim under 29 U.S.C. §1132(a)(3) and the federal common law.

38.     By informing him that he would receive a COBRA notice by mail, by advising him that he need not call about his COBRA coverage for 45 days, and by providing him with an incorrect phone number to call, Defendant Robert Half by its words and by its conduct led Hammond to conclude that his medical coverage would be continued pursuant to COBRA in accordance with the procedure that had been described to him.

39.     Defendant Robert Half knew or should have known that Hammond was given incorrect information concerning his COBRA coverage.

40.     Defendant Robert Half by its conduct intended to induce and did induce Hammond to believe that his COBRA coverage would be continued in accordance with the procedure that had been described to him.

41.     Hammond was unaware that Defendant Robert Half would not follow the procedure it had described to him for the continuation of his COBRA coverage.

42.     Hammond reasonably and justifiably relied to his detriment upon Defendants' conduct.

43.     Hammond seeks an order from the Court that Defendants are equitably estopped from denying his continuing participation in the Medical Plan based on his alleged failure to elect COBRA coverage.

### Count IV – Statutory Penalties – Failure to Produce Documents

44.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

45.     Hammond brings this claim under 29 U.S.C. §1132(c) and seeks statutory penalties.

46.     On February 11, 2008 Hammond submitted a written request to Robert Half for documents relating to his COBRA claim.

47.     Robert Half was required, as a matter of law, to provide the documents requested.

48.     Robert Half is liable to Plaintiff for statutory penalties in the amount of $110 per day from and after March 13, 2008 and continuing until the date of their production for its failure to provide the documents Hammond requested.

49.     On May 5, 2008 Hammond again submitted a written request to Robert Half for documents relating to his COBRA claim.

50.     Robert Half was required, as a matter of law, to provide the documents requested.

51.     Robert Half is also liable to Plaintiff for statutory penalties in the amount of $110 per day from and after June 4, 2008 and continuing until the date of their production for its failure to provide the documents Hammond requested.

### Count V – For Other Equitable Relief

52.     The allegations of the foregoing paragraphs are incorporated by reference as if fully rewritten herein.

53.     Beatty brings this claim pursuant to 29 U.S.C. §§ 1132 (a)(3) and seeks equitable relief.

54.     Defendant Robert Half is a fiduciary of the Plan.

55.     As a fiduciary, Defendant Robert Half was obligated to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries of the Plan.

56.     As a fiduciary, Defendant Robert Half had a duty to communicate truthfully and accurately with Plan participants, including Hammond, and to inform them accurately and timely of their rights and obligations under the Plan.

57.     As a fiduciary, Defendant Robert Half had a duty to ensure that proper and timely COBRA notices were provided to individuals who were entitled to receive them.

58.     Defendant Robert Half breached fiduciary duties it owed to Hammond.

59.     Defendant's breach of its fiduciary duties proximately caused Hammond to be without medical coverage.

60.     Hammond seeks an order from the Court directing Defendant to provide "make whole" equitable relief under the equitable doctrine of surcharge.

**WHEREFORE**, Plaintiff Benjamin Hammond asks this Court to grant judgment in his favor as follows:

A.     An Order directing Defendant Robert Half to provide Hammond with a COBRA notice and to permit him to elect COBRA coverage for the period of time after his

employment ended with Robert Half and before his medical coverage became effective with his new employer;

B.   An Order directing the Medical Plan to pay Hammond's medical claims incurred during the period Hammond should have received COBRA coverage;

C.   An Order that Defendants are equitably estopped from denying coverage of Hammond's medical claims;

D.   An Order imposing statutory penalties against Defendant Robert Half in the amount of $110 per day under Counts I and IV;

E.   An Order imposing the equitable remedy of surcharge against Defendant Robert Half under Count V;

F.   Pre-judgment and post-judgment interest;

G.   Attorneys fees and the costs of this action; and

H.   Such other and further relief as the Court finds to be equitable and just.


Respectfully submitted,


Tony C. Merry    (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
3300 Riverside Drive; Suite 125
Columbus, Ohio 43221
Tele:  (614) 372-7114
Fax:  (614) 372-7120
Email: tmerry@tmerrylaw.com
Attorney for Plaintiff Benjamin Hammond